# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| MEL LAMPTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 4:19-cv-00734-NKL |
| C. R. Bard, INC. and BARD | ) |
| PERIPHERAL VASCULAR, INC., | ) |
| | ) |
| Defendants. | |

**ORDER**

Bard's Motion to Strike the general opinions of Dr. Blackman, Doc. 51, is granted in part and denied in part. Bard's Motion to Strike the expert report of Dr. LaDisa, Doc. 53, is denied. Dr. Blackman cannot rely on or incorporate in his own opinions, the specific portion of the expert testimony of Dr. Hurst which was stricken by the MDL court. While Dr. Blackman may be qualified to give the same opinion that was stricken by the MDL court, it would undermine the MDL discovery process to permit specific causation experts to clean up evidentiary defects found by the MDL court that caused it to exclude part of a general causation expert's testimony.

Otherwise, the Motions are denied because Bard has not identified additional examples of how it would be prejudiced merely because Dr. Blackman and Dr. LaDisa are incorporating material developed by the MDL general causation experts into their specific causation opinions. Bard acknowledges that Dr. Blackman and Dr. LaDisa can rely on general expert testimony developed during the MDL to form their specific opinions in this case. Therefore, Bard is not prejudiced if Dr. Blackman and Dr. LaDisa testify consistently with those MDL general causation opinions. At the MDL, Bard had an opportunity to depose and challenge the general

1

MDL experts that Dr. Blackman and Dr. LaDisa are allegedly relying on. Indeed, that process led to the exclusion of part of Dr. Hurst's testimony. While Bard suggests that Lampton is seeking a "second-bite of the apple" by using Dr. Blackman and Dr. LaDisa to incorporate general causation testimony into their specific causation analysis, Bard fails to demonstrate anything that Lampton gains by a "second-bite at the apple," much less some prejudice Bard would suffer that would justify the painstaking process of drawing a line between specific and general causation testimony, a line which is inherently diffuse and will likely evolve as the case unfolds during a jury trial.

In addition, Bard has not demonstrated how the MDL process will be undermined by permitting Dr. Blackman and Dr. LaDisa to directly incorporate into their opinions the general MDL discovery. So long as Lampton's specific causation experts are not contradicting the material developed during general discovery or the MDL rulings, the MDL process has functioned as expected. There is no "second-bite of the apple" in terms of the substance of the MDL discovery. However, requiring the actual MDL experts to provide all the general expert testimony at trial, as opposed to a specific causation expert incorporating and relying on the general MDL discovery, is likely to make the jury trial process more cumbersome, without providing any added protection for the MDL process.

Finally, the admissibility of Dr. Blackman's and Dr. LaDisa's testimony under the Federal Rules of Evidence, is a matter appropriately raised in a motion in limine or a Daubert challenge, not subsumed in a motion that seeks to make a distinction between general and specific testimony. Therefore, the Court does not resolve here whether Dr. Blackman's and Dr. LaDisa's testimony is irrelevant or otherwise inadmissible; it only finds that the testimony is not excluded because it may be characterized as "general expert testimony." Once the Court has had

2

Case 4:19-cv-00734-NKL   Document 109   Filed 10/12/20   Page 2 of 3

the opportunity to evaluate these issues within the broader context of the case, the Court may or may not find that Dr. Blackman's and Dr. LaDisa's testimony is wholly or in part admissible.

In its Motions to Strike, Bard requests leave of Court to serve expert reports to rebut any statements, opinions, and conclusions offered by Dr. Blackman and Dr. LaDisa that are not struck by the Court. Doc. 52, p. 13; Doc. 54, p. 9. The Court concludes that this is an issue appropriately addressed in a telephone conference. Therefore, the request is taken under advisement.

For the foregoing reasons, Bard's Motion to Strike the general opinions of Dr. Blackman, Doc. 51, is granted in part. Dr. Blackman cannot rely on or incorporate in his own opinions, the portion of the expert testimony of Dr. Hurst which was stricken by the MDL court. Otherwise, the Motion to Strike, Doc. 51, is denied. Bard's Motion to Strike Dr. LaDisa's expert report, Doc. 53, is denied. The Court has taken under advisement Bard's request for additional expert discovery to rebut Dr. Blackman's and Dr. LaDisa's testimony, pending a scheduled phone conference.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: October 12, 2020
Jefferson City, Missouri