# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MELVIN LAMPTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 4:19-cv-00734-NKL |
| C. R. Bard, INC. and BARD | ) |
| PERIPHERAL VASCULAR, INC., | ) |
| | ) |
| Defendants. | |

**ORDER**

Before the Court is Defendants C. R. Bard, Inc., and Bard Peripheral Vascular, Inc.'s Notice of Adoption of Bard's Motion to Disqualify Robert Vogelzang, M.D., and Kush Desai, M.D. Doc. 97. Bard adopts and incorporates its Motion and Incorporated Memorandum to Disqualify Robert Vogelzang, M.D., and Kush Desai, M.D., and Memorandum of Law in Support as filed in the multi-district litigation ("MDL") proceeding before the Honorable David G. Campbell in the United States District Court for the District of Arizona, *In Re: Bard IVC Filters Product Liability Litigation*, No. 2:15-MD-02641-PHX-DGC (D. Ariz.), Doc. 97-1, MDL D.E. 6678. In his suggestions in opposition, Plaintiff Melvin Lampton incorporates the briefing filed in the MDL proceeding. Doc. 116-1, MDL D.E. 7029. In its reply suggestions, Bard incorporates its briefing filed in the MDL proceeding. Doc. 147-1, MDL D.E. 7058.

The MDL court denied Bard's Motion. Doc. 116-2, MDL D.E. 9432. It found that it would unfairly prejudice plaintiffs to disqualify Drs. Vogelzang and Desai when Bard had not met the "high standard of proof" required in showing that they either had a confidential relationship with Bard or received confidential Bard information before improperly "switching sides" and aiding

1

plaintiffs in this litigation. *Id.* at 5-7. *See In re Incretin-Based Therapies Prods. Liab. Litig.*, No. 15-56997, 2017 WL 6030735, at *3 (9th Cir. Dec. 6, 2017).

Because the MDL court's order denying Bard's Motion to Disqualify was interlocutory, the law-of-the-case doctrine does not apply, and this Court is not bound by its ruling. *Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 830 (8th Cir. 2008) (internal citations committed). However, considerations of comity and judicial economy weigh against disturbing the MDL court's rulings. *See Fenner v. Wyeth*, 912 F.Supp.2d 795, 800 (E.D. Mo. 2012); *see also Winter v. Novartis Pharmaceuticals Corp.*, 2011 WL 5008008, at *3 (W.D. Mo. Oct. 20, 2011) ("[P]rinciples of efficiency and comity make the Court hesitant to disturb the MDL court's ruling as doing so in the absence of a significant change of circumstances would frustrate the purposes of centralized pretrial proceedings.") (internal citations and quotations omitted). After careful review of the MDL court's order and the parties' briefing, this Court considers the order to be well-reasoned and supported by the law and evidence in the record. Furthermore, there has been no change in circumstance that would justify reexamination. Consequently, this Court will not disturb the MDL court's decision.

For the reasons stated in the MDL court's order, Doc. 116-2, MDL D.E. 9432, Bard's Motion to Disqualify Robert Vogelzang, M.D., and Kush Desai, M.D., is denied as set forth in that order.

**IT IS SO ORDERED**.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: November 23, 2020
Jefferson City, Missouri