IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MELVIN LAMPTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:19-cv-00734-NKL |
| C. R. Bard, INC. and BARD PERIPHERAL VASCULAR, INC., | ) ) ) |
| Defendants. | ) |

**ORDER**

Before the Court is Defendants C. R. Bard, Inc., and Bard Peripheral Vascular, Inc.'s Notice of Adoption of Bard's Motion to Exclude the Opinions of David Garcia, M.D., and Michael Streiff, M.D. Doc. 90. Bard adopts and incorporates its Motion and Incorporated Memorandum to Exclude the Opinions of David Garcia, M.D. and Michael Streiff, M.D. and Memorandum of Law in Support as filed in the multi-district litigation ("MDL") proceeding before the Honorable David G. Campbell in the United States District Court for the District of Arizona, *In Re: Bard IVC Filters Product Liability Litigation*, No. 2:15-MD-02641-PHX-DGC (D. Ariz.), Doc. 90-1, MDL D.E. 7294. In his suggestions in opposition, Plaintiff Melvin Lampton incorporates the briefing filed in the MDL proceeding. Doc. 128-1, MDL D.E. 7808. In its reply suggestions, Bard incorporates its briefing filed in the MDL proceeding. Doc. 154-1, MDL D.E. 8229.

The MDL Court granted in part and denied in part Bard's Motion. Doc. 128-2, MDL D.E. 10072. It granted the motion to exclude Dr. Garcia's opinion that a patient in another *Bard* case should have received anticoagulation therapy indefinitely on the basis that he did not know enough about that patient's current health condition. Doc. 128-2, p. 11. It also granted the motion to

1

exclude Drs. Garcia and Streiff's opinions contained in an addendum to their joint expert report that were based solely on the report of another expert in this case, Dr. Kessler. Specifically, the MDL court excluded Drs. Garcia and Streiff from opining that (1) Bard misled the FDA on the tendency of the Recovery filter to migrate when challenged by increased venous pressure; (2) Bard should not have marketed the [Recovery] filter since its performance was significantly poorer than the comparator, was not performing as intended, expected and represented prior to marketing and failed safety thresholds for migration; (3) The Recovery was associated with statistically significant more complications and migration-related deaths than the Simon Nitinol Filter, and that Bard knew this from an internal statistical analysis; (4) Bard knew of these deficiencies but continued to market the device; and (5) Bard knew that the Recovery, G2 family and the Eclipse filters did not fulfill their own internal performance standards and would pose an increased risk to patients. The MDL Court held that such opinions were outside the realm of the doctors' expertise and that they were not supported by sufficient facts and data or evaluated through reliable principles and methods. It denied the remainder of the motion to exclude. At trial, Drs. Garcia and Streiff will be allowed to testify as to the opinions contained in their joint expert report, excluding those contained in the addendum and those pertaining to the patient in the unrelated *Bard* case, subject to rulings on objections made during their testimony.

Because the MDL court's order denying Bard's Motion to Exclude was interlocutory, the law-of-the-case doctrine does not apply, and this Court is not bound by its ruling. *Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 830 (8th Cir. 2008) (internal citations committed). However, considerations of comity and judicial economy weigh against disturbing the MDL court's rulings. *See Fenner v. Wyeth*, 912 F.Supp.2d 795, 800 (E.D. Mo. 2012); *see also Winter v. Novartis Pharmaceuticals Corp.*, 2011 WL 5008008, at *3 (W.D. Mo. Oct. 20, 2011)

("[P]rinciples of efficiency and comity make the Court hesitant to disturb the MDL court's ruling as doing so in the absence of a significant change of circumstances would frustrate the purposes of centralized pretrial proceedings.") (internal citations and quotations omitted). After careful review of the MDL court's order and the parties' briefing, this Court considers the order to be well-reasoned and supported by the law and evidence in the record. Furthermore, there has been no change in circumstances that would justify reexamination. Consequently, this Court will not disturb the MDL court's decision.

For the reasons stated in the MDL court's order, Doc. 128-2, MDL D.E. 10072, Bard's Motion to Exclude the Opinions of David Garcia, M.D., and Michael Streiff, M.D., is granted in part and denied in part as set forth in that order.

**IT IS SO ORDERED**.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: November 23, 2020
Jefferson City, Missouri