IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MELVIN LAMPTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 4:19-cv-00734-NKL |
| C. R. Bard, INC. and BARD | ) |
| PERIPHERAL VASCULAR, INC., | ) |
| | ) |
| Defendants. | |

**ORDER**

Before the Court is Defendants C. R. Bard, Inc., and Bard Peripheral Vascular, Inc.'s Notice of Adoption of Bard's Motion to Exclude the Opinions of Darren R. Hurst, M.D. Doc. 91. Bard adopts and incorporates its Motion and Incorporated Memorandum to Exclude the Opinions of Darren R. Hurst and Memorandum of Law in Support as filed in the multi-district litigation ("MDL") proceeding before the Honorable David G. Campbell in the United States District Court for the District of Arizona, *In Re: Bard IVC Filters Product Liability Litigation*, No. 2:15-MD-02641-PHX-DGC (D. Ariz.), Doc. 91-1, MDL D.E. 7302. In his suggestions in opposition, Plaintiff Melvin Lampton incorporates the briefing filed in the MDL proceeding. Doc. 137-1, MDL D.E. 7811. In its reply suggestions, Bard incorporates its briefing filed in the MDL proceeding. Doc. 151-1, MDL D.E. 8223.

The MDL court granted in part and denied in part Bard's Motion. Doc. 137-2, MDL D.E. 9772. It granted the motion to exclude Dr. Hurst from (1) opining that Bard filters have higher complication rates than other IVC filters and have unacceptable risks of caudal migration, Doc. 137-2, at 9; and (2) rendering opinions about Bard's internal knowledge, its internal testing and

1

developmental practices, or the truthfulness of its representations in general. *Id.* at 9. It denied the motion to exclude Dr. Hurst from (1) opining about the information physicians and patients need and expect when making decisions about the use of IVC filters, *Id.* at 4; (2) opining that if Bard IVC filters had higher complications rates and unacceptable risks of caudal migration then, in his opinion as a practicing interventional radiologist, those fact should have been disclosed by Bard, *Id.*; and (3) opining about what information a physician or patient seeking out a Bard IVC filter would expect to receive from Bard. *Id.* at 7. Finally, the MDL court found that Dr. Hurst was qualified to render opinions as to what reasonable physicians and patients expect from medical device manufacturers and how the duty of informed consent bears on these expectations, and that such testimony would "likely" be relevant to the jury's consideration of whether Bard failed to warn Plaintiffs and whether that failure caused Plaintiffs' injuries, although a final decision on this testimony would have to be made at trial. *Id.* at 8.

Because the MDL court's order denying Bard's Motion to Exclude was interlocutory, the law-of-the-case doctrine does not apply, and this Court is not bound by its ruling. *Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 830 (8th Cir. 2008) (internal citations committed). However, considerations of comity and judicial economy weigh against disturbing the MDL court's rulings. *See Fenner v. Wyeth*, 912 F.Supp.2d 795, 800 (E.D. Mo. 2012); *see also Winter v. Novartis Pharmaceuticals Corp.*, 2011 WL 5008008, at *3 (W.D. Mo. Oct. 20, 2011) ("[P]rinciples of efficiency and comity make the Court hesitant to disturb the MDL court's ruling as doing so in the absence of a significant change of circumstances would frustrate the purposes of centralized pretrial proceedings.") (internal citations and quotations omitted). After careful review of the MDL court's order and the parties' briefing, this Court considers the order to be well-reasoned and supported by the law and evidence in the record. Furthermore, there has been

no change in circumstance that would justify reexamination. Consequently, this Court will not disturb the MDL court's decision.

For the reasons stated in the MDL court's order, Doc. 137-2, MDL D.E. 9772, Bard's Motion to Exclude the Opinions of Dr. Darren R. Hurst is granted in part and denied in part as set forth in that order.

**IT IS SO ORDERED**.

                                                s/ Nanette K. Laughrey
                                                NANETTE K. LAUGHREY
                                                United States District Judge

Dated: November 23, 2020
Jefferson City, Missouri