IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MELVIN LAMPTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:19-cv-00734-NKL |
| C. R. Bard, INC. and BARD PERIPHERAL VASCULAR, INC., | ) ) ) ) |
| Defendants. | |

**ORDER**

Before the Court is Defendants C. R. Bard, Inc., and Bard Peripheral Vascular, Inc.'s Notice of Adoption of Bard's Motion to Exclude the Opinions of Suzanne Parisian, M. D. Doc. 95. Bard adopts and incorporates its Motion and Incorporated Memorandum to Exclude the Opinions of Dr. Parisian and Memorandum of Law in Support as filed in the multi-district litigation ("MDL") proceeding before the Honorable David G. Campbell in the United States District Court for the District of Arizona, *In Re: Bard IVC Filters Product Liability Litigation*, No. 2:15-MD-02641-PHX-DGC (D. Ariz.), Doc. 95-1, MDL D.E. 7308. In his suggestions in opposition, Plaintiff Melvin Lampton incorporates the briefing filed in the MDL proceeding. Doc. 123-1, MDL D.E. 7814. In its reply suggestions, Bard incorporates its briefing filed in the MDL proceeding. Doc. 156-1, MDL D.E. 8226.

The MDL court granted in part and denied in part Bard's Motion. Doc. 123-2, MDL D.E. 9433. It granted the motion to exclude Dr. Parisian from (1) presenting a factual narrative at trial; expressing opinions on Bard's intent, motives, state of mind, or testing processes; identifying alternative designs or defects in Bard filters; or opining on medical causation issues, *Id.* at 8; (2)

1

testifying about expectations or practices of physicians and patients with which she is not personally familiar; and (3) providing legal conclusions concerning state law tort claims. *Id.* at 12. It denied the motion to exclude Dr. Parisian from (1) testifying about FDA practices and procedures and the 510(k) process, how manufacturer's navigate the FDA process, and Bard's participation and compliance with that process, *Id.* at 9; and (2) generally testifying on the seven specific subjects identified in plaintiff's briefing before the MDL court regarding Dr. Parisian. *Id.* at 6-7.

Because the MDL court's order denying Bard's Motion to Exclude was interlocutory, the law-of-the-case doctrine does not apply, and this Court is not bound by its ruling. *Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 830 (8th Cir. 2008) (internal citations committed). However, considerations of comity and judicial economy weigh against disturbing the MDL court's rulings. *See Fenner v. Wyeth*, 912 F.Supp.2d 795, 800 (E.D. Mo. 2012); *see also Winter v. Novartis Pharmaceuticals Corp.*, 2011 WL 5008008, at *3 (W.D. Mo. Oct. 20, 2011) ("[P]rinciples of efficiency and comity make the Court hesitant to disturb the MDL court's ruling as doing so in the absence of a significant change of circumstances would frustrate the purposes of centralized pretrial proceedings.") (internal citations and quotations omitted). After careful review of the MDL court's order and the parties' briefing, this Court considers the order to be well-reasoned and supported by the law and evidence in the record. Furthermore, there has been no change in circumstance that would justify reexamination. Consequently, this Court will not disturb the MDL court's decision.

For the reasons stated in the MDL court's order, Doc. 123-2, MDL D.E. 9433, Bard's Motion to Exclude the Opinions of Dr. Suzanne Parisian is granted in part and denied in part as set forth in that order.

2

**IT IS SO ORDERED**.

                                                s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: November 23, 2020
Jefferson City, Missouri