# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MELVIN LAMPTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:19-cv-00734-NKL |
| C. R. Bard, INC. and BARD PERIPHERAL VASCULAR, INC., | ) ) ) ) |
| Defendants. | |

**ORDER**

Before the Court is Defendants C. R. Bard, Inc., and Bard Peripheral Vascular, Inc.'s Notice of Adoption of Bard's Motion to Exclude the Opinions of David Kessler, M.D. Doc. 92. Bard adopts and incorporates its Motion and Incorporated Memorandum to Exclude the Opinions of David Kessler and Memorandum of Law in Support as filed in the multi-district litigation ("MDL") proceeding before the Honorable David G. Campbell in the United States District Court for the District of Arizona, *In Re: Bard IVC Filters Product Liability Litigation*, No. 2:15-MD-02641-PHX-DGC (D. Ariz.), Doc. 92-1, MDL D.E. 7309. In his suggestions in opposition, Plaintiff Melvin Lampton incorporates the briefing filed in the MDL proceeding. Doc. 117-1, MDL D.E. 7805. In its reply suggestions, Bard incorporates its briefing filed in the MDL proceeding. Doc. 145-1, MDL D.E. 8231.

The MDL court granted in part and denied in part Bard's Motion. Doc. 117-2, MDL D.E. 9433. It granted the motion to exclude Dr. Kessler from (1) providing ultimate legal conclusions concerning a plaintiff's state law tort claim, *Id.* at 13; (2) opining about the warnings a manufacturer should have given physicians practicing in a specialized area of medicine for

1

purposes of state tort law, *Id.* at 17; (3) opining directly on whether the filters were defectively designed and inadequately tested, *Id.*; and (4) opining on Bard's intent, motive, or ethics. *Id.* at 17-18. It denied the motion to exclude Dr. Kessler from opining on FDA regulatory issues that relate to Bard filters, including what a reasonable FDA official would have done with information not provided to the FDA in its approval process and whether the FDA would have approved a particular device if certain information about that device had been disclosed. *Id.* at 17.

Because the MDL court's order denying Bard's Motion to Exclude was interlocutory, the law-of-the-case doctrine does not apply, and this Court is not bound by its ruling. *Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 830 (8th Cir. 2008) (internal citations committed). However, considerations of comity and judicial economy weigh against disturbing the MDL court's rulings. *See Fenner v. Wyeth*, 912 F.Supp.2d 795, 800 (E.D. Mo. 2012); *see also Winter v. Novartis Pharmaceuticals Corp.*, 2011 WL 5008008, at *3 (W.D. Mo. Oct. 20, 2011) ("[P]rinciples of efficiency and comity make the Court hesitant to disturb the MDL court's ruling as doing so in the absence of a significant change of circumstances would frustrate the purposes of centralized pretrial proceedings.") (internal citations and quotations omitted). After careful review of the MDL court's order and the parties' briefing, this Court considers the order to be well-reasoned and supported by the law and evidence in the record. Furthermore, there has been no change in circumstances that would justify reexamination. Consequently, this Court will not disturb the MDL court's decision.

For the reasons stated in the MDL court's order, Doc. 117-2, MDL D.E. 9433, Bard's Motion to Exclude the Opinions of Dr. David Kessler is granted in part and denied in part as set forth in that order.

**IT IS SO ORDERED**.

2

                                              <u>s/ Nanette K. Laughrey</u>  
                                              NANETTE K. LAUGHREY  
                                              United States District Judge

Dated: <u>November 24, 2020</u>  
Jefferson City, Missouri