**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MELVIN LAMPTON,<br><br>Plaintiff,<br><br>v.<br><br>C. R. Bard, INC. and BARD PERIPHERAL VASCULAR, INC.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) | No. 4:19-cv-00734-NKL |

**ORDER**

Before the Court is Defendants C. R. Bard, Inc., and Bard Peripheral Vascular, Inc.'s Notice of Adoption of Bard's Motion to Exclude the Opinions of Robert Ritchie, Ph.D., Doc. 96. Bard adopts and incorporates its Motion and Incorporated Memorandum to Exclude the Opinions of Dr. Ritchie and Memorandum of Law in Support as filed in the multi-district litigation ("MDL") proceeding before the Honorable David G. Campbell in the United States District Court for the District of Arizona, *In Re: Bard IVC Filters Product Liability Litigation*, No. 2:15-MD-02641-PHX-DGC (D. Ariz.), Doc. 96-1, MDL D.E. 7316. In his suggestions in opposition, Plaintiff Melvin Lampton incorporates the briefing filed in the MDL proceeding. Doc. 118-1, MDL D.E. 7807. In its reply suggestions, Bard incorporates its briefing filed in the MDL proceeding. Doc. 146-1, MDL D.E. 8230.

The MDL court granted in part and denied in part Bard's Motion. Doc. 118-3, MDL D.E. 10052. It granted the motion to exclude Dr. Ritchie from (1) opining that Bard filters have "high" or "unacceptable" complication rates, *Id.* at 6; and (2) opining that the SNF filter was a safer alternative filter compared to the G2 and Recovery filter, *Id.* at 9-10. It denied the motion to

exclude Dr. Ritchie from (1) opining that different filter failure modes can have a synergistic effect on one another, leading to a "vicious circle" of filter complications, *Id.* at 7-8; and (2) opining that Bard's testing of its G2 filter was flawed because it failed to replicate filter failures in the form of fracturing that it knew were occurring in patients with the filter, *Id.* at 8-9.

Because the MDL court's order denying Bard's Motion to Exclude was interlocutory, the law-of-the-case doctrine does not apply, and this Court is not bound by its ruling. *Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 830 (8th Cir. 2008) (internal citations committed). However, considerations of comity and judicial economy weigh against disturbing the MDL court's rulings. *See Fenner v. Wyeth*, 912 F.Supp.2d 795, 800 (E.D. Mo. 2012); *see also Winter v. Novartis Pharmaceuticals Corp.*, 2011 WL 5008008, at *3 (W.D. Mo. Oct. 20, 2011) ("[P]rinciples of efficiency and comity make the Court hesitant to disturb the MDL court's ruling as doing so in the absence of a significant change of circumstances would frustrate the purposes of centralized pretrial proceedings.") (internal citations and quotations omitted). After careful review of the MDL court's order and the parties' briefing, this Court considers the order to be well-reasoned and supported by the law and evidence in the record. Furthermore, there has been no change in circumstance that would justify reexamination. Consequently, this Court will not disturb the MDL court's decision.

For the reasons stated in the MDL court's order, Doc. 118-3, MDL D.E. 10052, Bard's Motion to Exclude the Opinions of Dr. Robert Ritchie, Ph.D., is granted in part and denied in part as set forth in that order.

**IT IS SO ORDERED**.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: November 24, 2020
Jefferson City, Missouri