IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MELVIN LAMPTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:19-cv-00734-NKL |
| C. R. Bard, INC. and BARD PERIPHERAL VASCULAR, INC., | ) ) ) |
| Defendants. | ) |

**ORDER**

Before the Court is Defendants C. R. Bard, Inc., and Bard Peripheral Vascular, Inc.'s Notice of Adoption of Bard's Motion to Exclude the Opinions of Thomas Kinney, M.D., Anne Christine Roberts, M.D., and Sanjeeva Kalva, M.D. Doc. 93. Bard adopts and incorporates its Motion and Incorporated Memorandum to Exclude the Opinions of Drs. Kinney, Roberts, and Kalva and Memorandum of Law in Support as filed in the multi-district litigation ("MDL") proceeding before the Honorable David G. Campbell in the United States District Court for the District of Arizona, *In Re: Bard IVC Filters Product Liability Litigation*, No. 2:15-MD-02641-PHX-DGC (D. Ariz.), Doc. 93-1, MDL D.E. 7296. In his suggestions in opposition, Plaintiff Melvin Lampton incorporates the briefing filed in the MDL proceeding. Doc. 136-1, MDL D.E. 7812. In its reply suggestions, Bard incorporates its briefing filed in the MDL proceeding. Doc. 152-1, MDL D.E. 8220.

The MDL court granted in part and denied in part Bard's Motion. Doc. 136-2, MDL D.E. 9434. It granted the motion to exclude Drs. Kinney, Roberts, and Kalva from (1) parroting the opinions of other experts or vouching for those experts, while noting they will be allowed to rely

1

on opinions stated by other experts in this litigation as well as Bard's internal documents, *Id.* at 6; (2) engaging in lengthy factual narratives that are unnecessary to resolve issues before the jury, gratuitously commenting on factual evidence, or presenting legal argument, *Id.*; and (3) testifying as to technical matters such as those set forth in paragraphs 115 (engineering and design implications related to cephalad angulation of hooks), 120 (gradient thresholds, safety margins, and common safety factors in engineering), 127 (evaluation of specific fatigue resistance testing), 133 (opinion that engineers used too low a deflection), and 138 (opinion on improper balance struck in Recovery filter design). *Id.* at 11; MDL D.E. 7301.

It denied the motion to exclude Drs. Kinney, Roberts, and Kalva from (1) quoting, summarizing, and offering editorials about deposition testimony and Bard's internal documents, subject to specific rulings made at trial, *Id.* at 6-7; (2) opining on what physicians reasonably expect to be told about the risks of IVC filters and what a reasonable physician would do with certain adverse information concerning an IVC filter, *Id.* at 7; (3) opining as to technical matters within the scope of their expertise, such as whether filtering for blood clots was a geometric issue or that the loss of a filter arm or leg due to fracture can lead to problems. *Id.* at 12. The Court noted that more specific rulings as to their technical opinions would need to be made at trial. *Id.* Finally, the MDL court declined to exclude the doctors from opining about what a doctor would have done with additional information concerning the Bard filter, noting that decision was fact- and patient-specific and would have to be ruled on at trial. *Id.* at 9.

Because the MDL court's order denying Bard's Motion to Exclude was interlocutory, the law-of-the-case doctrine does not apply, and this Court is not bound by its ruling. *Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 830 (8th Cir. 2008) (internal citations committed). However, considerations of comity and judicial economy weigh against disturbing the MDL

court's rulings. *See Fenner v. Wyeth*, 912 F.Supp.2d 795, 800 (E.D. Mo. 2012); *see also Winter v. Novartis Pharmaceuticals Corp.*, 2011 WL 5008008, at *3 (W.D. Mo. Oct. 20, 2011) ("[P]rinciples of efficiency and comity make the Court hesitant to disturb the MDL court's ruling as doing so in the absence of a significant change of circumstances would frustrate the purposes of centralized pretrial proceedings.") (internal citations and quotations omitted). After careful review of the MDL court's order and the parties' briefing, this Court considers the order to be well-reasoned and supported by the law and evidence in the record. Furthermore, there has been no change in circumstance that would justify reexamination. Consequently, this Court will not disturb the MDL court's decision.

For the reasons stated in the MDL court's order, Doc. 136-2, MDL D.E. 9434, Bard's Motion to Exclude the Opinions of Drs. Kinney, Kalva, and Roberts is granted in part and denied in part as set forth in that order.

**IT IS SO ORDERED**.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: November 24, 2020
Jefferson City, Missouri