IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MELVIN LAMPTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:19-cv-00734-NKL |
| C. R. Bard, INC. and BARD PERIPHERAL VASCULAR, INC., | ) ) ) |
| Defendants. | ) |

**ORDER**

Before the Court is Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s (collectively "Bard") Motion to Exclude or Limit Opinions of Krishna Kandarpa, M.D. Doc. 82. For the reasons stated below, the motion is denied.

**I.    Background**

Dr. Kandarpa is an interventional radiologist and a director at the National Institute of Biomedical Imagining and Bioengineering. In 2006 and 2007, he was hired to conduct and monitor the Everest Study, which examined whether Bard's G2 Filter could be safely retrieved once implanted in a patient. The G2 Filter is a predicate device to the Meridian Filter which is at issue in this litigation.

In this case, Dr. Kandarpa seeks to offer opinions on the following topics: (1) the design and function of the G2 Filter, the Everest Study, and the performance of the G2 Filter in the body; (2) the safety, efficacy, and performance of the G2 Filter; and (3) what a reasonable physician would know and would like to know about the G2 Filter before implanting it in a patient. Lampton also stated generally that Dr. Kandarpa is expected to testify to the opinions he set forth in his July

1

19, 2018 deposition in a non-MDL case before the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Doc. 83-1, at 9-10.

Lampton originally designated Dr. Kandarpa as a retained expert in this case under Fed. R. Civ. P. 26(a)(2)(B). In briefing, Lampton claims this designation was a mistake, and that he intended to designate Dr. Kandarpa as a non-retained expert under Rule 26(a)(2)(C). Doc. 115, p. 3.

## II. Legal Standard

The Court has broad discretion in deciding whether to admit or exclude expert witnesses' testimony. *Clark v. Hedrick, M.D.*, 150 F.3d 912, 915 (8th Cir. 1998). Under *Daubert*, the Court is required to conduct "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993). The party offering expert evidence must show by a preponderance of the evidence that the methodology underlying the expert's conclusions is valid. *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757-58 (8th Cir. 2006).

The standard for admission of expert testimony is a liberal one. *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 562 (8th Cir. 2014). Generally, as long as the expert's testimony rests on good grounds, it should be tested by the adversary process, rather than be excluded by the Court at a preliminary stage. *Id.*; *see also Graham v. Noeuy*, No. 2:15-cv-04155-NKL, 2016 WL 6404091, at *2 (W.D. Mo. Oct. 17, 2016). Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded. *Bonner v. ISP Techs, Inc.*, 259 F.3d 924, 929-30 (8th Cir. 2001) (citation omitted).

## III. Discussion

Bard argues Dr. Kandarpa's testimony should be excluded for three reasons: (1) Dr. Kandarpa did not provide the expert disclosures required under Rule 26(a)(2)(C); (2) this case does not require medical monitoring expert testimony; and (3) Lampton failed to establish that Dr. Kandarpa's opinions are sound or generally accepted.

### A. Rule 26 Disclosure

Lampton represents that he intended to designate Dr. Kandarpa as a non-retained expert under Rule 26(a)(2)(C). Doc. 115, p. 3. Bard contends that Dr. Kandarpa cannot be a non-retained expert because he did not provide a report that satisfies Rule 26(a)(2)(C). Doc. 83, p. 10. Under that rule, a non-retained expert must disclose "the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703, or 705" and must state "a summary of the facts and opinions to which the witness is expected to testify." Rule 37(c)(1) states that a party that does not satisfy its Rule 26 obligations as to expert witness disclosures may not use that witness to supply evidence unless its failure was substantially justified or harmless. Bard argues that Dr. Kandarpa's disclosures did not satisfy his Rule 26(a)(2)(C) obligations and that his opinions must be excluded.

In his Designation of Experts and Opinion Testimony, Lampton provides the following disclosure:

> Dr. Kandarpa is a cardiovascular and interventional radiologist, who is the Director of Research Sciences and Strategic Directions at NIBIB/NIH. He was a consultant for Bard on IVC filters. Dr. Kandarpa was a medical monitor for Bard during the EVEREST retrievability study for the G2 filter. Dr. Kandarpa may be called to testify live or by deposition. It is anticipated that Dr. Kandarpa will testify with regard to the design and function of the Bard G2 IVC filter, the EVEREST study, the performance of the Bard G2 filter in the human body, the observations he made and opinions he developed regarding the EVEREST study and the G2 IVC filter. It is anticipated that Dr. Kandarpa will testify regarding the observations and opinions he has developed regarding the safety, efficacy and performance of the G2 IVC filter. It is anticipated that Dr. Kandarpa will offer observations and opinions as to what reasonable physicians knew about the G2 IVC filter, what information reasonable physicians would like to know about the G2 IVC filter, what information was and was

> not made available to physicians about the G2 IVC filter. The facts and opinions to which Dr. Kandarpa is expected to testify are those set forth in his deposition of July 19, 2018, in Austin v. C.R. Bard Inc., Circuit Court of The Seventeenth Judicial Circuit, Broward County, Florida and the exhibits thereto.

Doc. 83-1, at 9-10.

A party cannot comply with its disclosure obligations merely by stating the topics that will be discussed at a high level. *Emerson Elec. Co. v. Suzhou Cleva Elec. Appliance Co., Ltd.*, 2015 WL 8770712, at *2 (E.D. Mo. Dec. 15, 2015); *Comm Net, Inc. v. EMS, Inc.*, 2014 WL 8772195, at *1 (D. Neb. Feb. 14, 2014). The disclosure must contain a summary of the actual facts and opinions that the witness will testify to. *Id.* Standing alone, Dr. Kandarpa's summary of facts and opinions is not sufficiently detailed to meet this standard. However, his disclosure incorporates by reference a deposition Dr. Kandarpa gave on July 19, 2018, in a Florida state case concerning the G2 IVC filter where Bard was the defendant. The disclosure further states that the facts and opinions given in the Florida case are the same as the facts and opinions Dr. Kandarpa will give here.

Bard claims this attempt to incorporate extraneous records into his Rule 26 disclosures is impermissible. In support, it cites to *Ingram v. Novartis Pharms. Corp.*, 282 F.R.D. 563, 565 (W.D. Okla. 2012) (Reference to deposition testimony is insufficient to satisfy Rule 26 disclosures. The written report itself must contain the required facts and opinions.), and *Luminara Worldwide, LLC v. Liown Elecs. Co.*, 2016 WL 6920516, at *3 (D. Minn. Feb. 25, 2016) ("Merely stating that [a Rule 26(a)(2)(C) expert] will testify consistent with their deposition testimony is not sufficient."). Neither opinion provides reasoning for their conclusions other than Rule 26 says the summary must be in the report.

The Court disagrees with these decisions because the fundamental purpose of the disclosure requirements of Rule 26 is to remove unfair surprise by ensuring that parties have notice

4

of what adversarial experts will say. *Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011). In light of the fact that Dr. Kandarpa has already testified against Bard on at least two occasions in matters relating to its G2 IVC filter—the Florida state case and the MDL Court's *Hyde* bellwether case—and Lampton has incorporated the deposition testimony in the Florida report into his Rule 26 disclosure, there is no risk of surprise. Indeed, a deposition discussing in detail Dr. Kandarpa's opinions and the facts on which those opinions are based, gives far more notice than a summary of facts and opinions. Further, Dr. Kandarpa's testimony is now circumscribed by his opinions in the Florida case, further insulating Bard. Finally, Bard did not identify any specific aspect of the Florida deposition that was itself not adequate to identify Dr. Kandarpa's opinions here. Therefore, the Court will not adopt a formalistic, *per se* rule to preclude Dr. Kandarpa's testimony.

### B. Medical Monitoring Testimony

Bard next argues that Dr. Kandarpa's opinions and testimony should be excluded because they are irrelevant to any issue in this case. *United States v. Finch*, 630 F.3d 1057, 1062 (8th Cir. 2011) (excluding expert testimony when it could offer no assistance to the jury). In his Rule 26 disclosure, Dr. Kandarpa stated he planned to testify as to the observations he made and opinions he developed regarding the Everest Study he monitored and the safety, efficacy, and performance of the G2 IVC filter. Bard argues this testimony will not help the jury because none of these opinions go to the issues actually pleaded in Lampton's complaint, which does not make specific claims related to how Bard conducted its medical monitoring program.

Lampton sets out 14 claims for, among other things, product liability, negligence, breach of warranty, and fraudulent representation, all related to Bard's Meridian IVC Filter, which is predicated on Bard's G2 Filter. Doc. 1, pp. 3-4. Dr. Kandarpa is a well-qualified interventional radiologist who monitored a retrievability study of Bard's G2 IVC Filter and, in the course of that

5

work, developed opinions about its safety, efficacy, and performance. Those opinions, detailed in his deposition, are relevant to whether Bard acted reasonably in marketing the G2 Filter, whether the Filter was defective, and if so whether Bard knew it was defective before releasing it to the public, which in turn are relevant to Lampton's claims about the Meridian Filter because the G2 Filter is a predicate device for the Meridian Filter. Bard has not identified any reason why expert testimony concerning the G2 Filter is irrelevant because Lampton was implanted with the Meridian Filter. Absent some explanation of how the Filters are different and why that difference makes Dr. Kandarpa's testimony unhelpful to the jury, the Court is not convinced that Dr. Kandarpa's testimony is irrelevant. Finally, Bard has not argued that Dr. Kandarpa's opinions did not flow from his involvement in the Everest Study and thus would be beyond the kind of opinions permitted by a non-retained expert. Because Dr. Kandarpa's opinions are sufficiently relevant to the issues in this case, Bard's motion is denied on this point.

### C. Soundness of Dr. Kandarpa's Opinions

Finally, Bard argues that Lampton has not established that Dr. Kandarpa's opinions are sound or generally accepted. Dr. Kandarpa testified in deposition that his responsibilities as a medical monitor were limited to establishing definitions for adverse event complications, adjudicating complications and adverse events, and reviewing device malfunctions and imaging. Doc. 103, p. 149. Bard argues that Dr. Kandarpa's responsibilities as medical monitor did not include forming conclusions about the G2 Filter, and that as such any opinions he formed concerning the safety, efficacy, or performance of the G2 Filter are neither sound nor generally accepted.

The record shows Dr. Kandarpa is a qualified board-certified interventional radiologist with substantial experience in bioengineering, biomedical imaging, and the field of cardiovascular

6

Case 4:19-cv-00734-NKL   Document 180   Filed 11/27/20   Page 6 of 7

radiology. Doc. 115-1 (*Curriculum Vitae* of Dr. Kandarpa). In deposition, Dr. Kandarpa testified that while monitoring the Everest Study, he formed opinions about the safety, efficacy, and performance of the G2 Filter. Doc. 103, pp. 33-34, 90-91, 136-37. The fact that Dr. Kandarpa was not hired to form these specific opinions does not mean that his opinions are unsound so long as they flow from the work he was hired to do.  Bard's motion is denied on this point.

## IV. Conclusion

For the reasons stated above, Bard's Motion to Exclude or Limit the Opinions of Dr. Kandarpa is denied.

**IT IS SO ORDERED**.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: November 27, 2020  
Jefferson City, Missouri